# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR395 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHELLE MEDRICK, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant Michelle Medrick's Motion Requesting Sentence Reduction Pursuant to the First Step Act of 2018 and/or Post-Rehabilitation Pursuant to 18 U.S.C. § 3742(e) (the "Motion"). (Doc. 30). On May 18, 2017, the Court sentenced Defendant to 62 months incarceration with two-years supervised release. In addition, the Court ordered Defendant to pay over $2 million in restitution to Catholic Charities Corporation, the Roman Catholic Diocese of Cleveland and two insurance providers.

In her Motion, Defendant now asks the Court to reduce her sentence because she completed a paralegal course while in prison. She relies on *Pepper v. United States*, 562 U.S. 476 (2011) and the First Step Act of 2018 to justify her request.

The Court finds Defendant is not entitled to the relief she seeks. First, she has not brought her relief in a cognizable procedural vehicle. Section 3742 deals with an appellate court's review of a district court's sentence. Moreover, the First Step Act of 2018 does not apply to her convictions of bank fraud. Nor is she entitled to "compassionate release" under the First Step Act as she has not satisfied (or even alleged) any eligibility criteria applicable to her.

Second, to the extent she relies on *Pepper*, her reliance is misguided. *Pepper* dealt with resentencing factors after a sentence has been set aside on appeal. The Court in *Pepper* held that "when a defendant's sentence has been set aside on appeal and [her] case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since [her] prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guideline range." *Pepper*, 562 U.S. at 490. Here, Defendant did not appeal her sentence. The Sixth Circuit therefore did not set aside Defendant's sentence. Accordingly, *Pepper* does not entitle Defendant to the relief she seeks.

Finally, to the extent Defendant requests a sentence reduction under 28 U.S.C. § 2255, she has not demonstrated any constitutional or legal basis to support such a reduction. Defendant does not allege her sentence violated the Constitution or any laws of the United States or any other cognizable basis under § 2255. *See* 28 U.S.C. § 2255(a). Rather, she justifies her sentence reduction because of her completion of a paralegal course. This does not support the reduction she seeks.

Accordingly, Defendant is not entitled to a reduction of her sentence based on her completion of a paralegal program. While the Court commends her study and the assistance she provides to other prisoners, she is not entitled to the request she seeks. Therefore, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: November 1, 2019**